## CROCKER *v.* CUTTER TOWER CO.

*(Circuit Court, D. Massachusetts. December 23, 1886.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—NO. 16,312—EASEL DESIGN.
In an action for infringing patent No. 16,312, dated October 6, 1885, for a design for easels, the plaintiff's design consisted in the upright standards crossing at the upper ends, representing the stems and flowers of the cat-tail plant. Easels made of the natural cat-tails thus crossing are old. In defendant's design, the standards are not crossed, but held together by a band. *Held,* no infringement, since the plaintiff was not the first to use cat-tails, and defendant's design did not infringe his specific device of crossing them.

In Equity.
*C. H. Drew* and *W. B. Durant,* for complainant.
*C. C. Morgan* and *O. M. Shaw,* for defendant.
Before COLT and CARPENTER, JJ.

COLT, J. This suit is brought upon letters patent No. 16,312, dated October 6, 1885, granted to the complainant for a design for easels. The leading feature of the design consists in the upright standards of the easel crossed near their upper ends, and representing the stems and flowers of the cat-tail plant or flag. The claim is as follows:

"The design for an easel herein shown and described, the same consisting of the upright standards of an easel crossing each other near their upper ends, and representing the stems and flowers of the cat-tail plant or flag."

Easels made of natural cat-tails crossing each other near their upper ends are old. In view of this, the Crocker design must be limited to the mode of crossing the standards described in the patent. In defendant's design the standards are not crossed, but they are held together near the top by a band, from which point, by bending, they are spread out so as to present a fan-like appearance. If Crocker had been the first to design an easel made of cat-tails crossing each other, it might properly be held that the defendant's design infringed from the general resemblance between the two. In view, however, of what was old, we have grave doubts whether the claim of the patent constitutes any invention; but, assuming the patentability of the design, we are clear that it must be limited to the mode of crossing the standards found in the specification and drawing, and, the defendant not using any form of crossing the standards, there can be no infringement, and the bill must be dismissed.